[PHILADELPHIA, JANUARY 18th, 1837.]

## | JOHNSON'S ESTATE.

#### APPEAL.

1. The Court of Common Pleas had not power, under the acts of assembly in force in 1835, to decree distribution of a fund in the hands of a trustee, among the heirs or next of kin of the deceased *cestui que trust.*
2. Such distribution could only be made by the administrator of the *cestui que trust*, who was entitled for that purpose to recover the fund from the trustee.

THIS was an appeal from a decree of the Court of Common Pleas for the city and county of Philadelphia, made on the settlement of the accounts of Isaac Norris, Esq., trustee of the estate of Ann Eliza Johnson.

The proceedings in the court below originated as follows: On the 13th of March, 1832, Ann Eliza Johnson executed a conveyance to Isaac Norris, Esq. of certain property, in trust to receive the interest and to pay the same over to her during her life, for her sole and separate use, maintenance and support, without being liable to her contract or for her debts; and after her death, then in further trust for such persons and uses as she by any writing under her hand and seal, in the nature of a last will and testament, might direct; and for want of such appointment, then in trust for her right heirs forever. On the 29th of August, 1835, after her death, a petition was presented to the court below, by the attorney for the administratrix of Ann Eliza Johnson's estate, praying for a citation to the trustee, which was awarded by the court. On the 12th of September, the answer of the trustee, together with his account, was filed, which account was referred by the court to an auditor. The auditor reported that the account was correct, and that there was a balance in the hands of the trustee, after deducting the expenses of the audit, &c. The court then referred the matter back to the auditor, to ascertain who were the right heirs and legal distributees of the said Ann Eliza Johnson, and to report thereon. The auditor made a second and voluminous report to the court, embracing the testimony given before him on the matter submitted to him by the court, and reporting who the heirs and distributees were, and a distribution of the trust fund among them. Exceptions were filed to this report; but the court dismissed the same, and confirmed the report, and

(Johnson's Estate.)

decreed a distribution of the fund among the heirs as reported by the auditor.

From the decree so made, the trustee appealed to this court, and filed several exceptions; the first only of which, viz. "that the Court of Common Pleas erred in decreeing a distribution of the trust fund; having no jurisdiction over the same"—was argued here.

Mr. *Isaac Norris*, in support of the appeal, referred to the several acts of assembly, passed in 1818, 1823, 1824, 1828, and 1831, giving certain powers to the Courts of Common Pleas in cases of trusts; and contended they did not authorise the court to decree distribution in such cases. He cited *Martzel* v. *Johnson*, (3 *Penn. Rep.* 398,) *Mannhardt* v. *Soderstrom*, (1 *Binn.* 138.)

Mr. *Earle, contra*, endeavoured to support the decree from the words of the act of the 22d of March, 1835, which gives power to the court "to compel the trustee, where the trust has ceased, to convey the legal estate."

Per Curiam.—There is nothing in the statutes giving the Common Pleas jurisdiction of the accounts of trustees, which indicates an intention to give that court authority to distribute the fund. The clause giving power to compel the trustees to reconvey at the expiration of the trust, has regard only to real estate, and was intended to give the party entitled an effective and indispensable remedy to enforce a reconveyance of the legal title. But no conveyance is necessary to pass the title to money; and it is consequently demandable from the trustees as if the trust had never existed. Here the party entitled in the first instance, is the administrator of the *cestui que trust*, on whom devolves the duty and responsibility of paying her debts, and making distribution in subordination to the authority of the Orphans' Court. Had she executed the power reserved by her in the deed of trust, her appointees would have taken paramount to the administrator; but even they would have had remedy only by action, which would however have been sufficient for all the ends of justice. A chancery power, such as the one claimed, is not to be assumed without a special grant; and it is clear that the Common Pleas exceeded its jurisdiction. So much of its decree therefore as directs distribution among the persons reported by the auditor, is reversed, and the residue affirmed.

Decree accordingly.